UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**LAURIE McGENNIS,**

    Plaintiff,

v.

Case No:

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,**

    Defendant,
_____/

**COMPLAINT**

Plaintiff, Laurie McGennis, sues Defendant, Sedgwick Claims Management Services, Inc., and states:

**COUNT I**
(Fair Labor Standards Act - Overtime)

1. This is an action for damages and equitable relief and is brought pursuant to the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. 201, *et. seq.*

2. The Court has jurisdiction of this action because it arises under the laws of the United States (28 U.S.C.1331).

3. Plaintiff, Laurie McGennis, was and is a citizen and resident of the Southern District of Florida.

4. Defendant, Sedgwick Claims Management Services, Inc., ("Sedgwick") is a foreign corporation and licensed to do business in Florida. That Defendant does business in the

Southern District of Florida. More specifically, the Defendant offers insurance claims administration services and has employees, including the Plaintiff, who handled goods or materials, including the services offered by the Defendant that have moved in, or were produced for commerce. Those goods and materials included but were not limited to the services the Defendant provided, reports furnished to clients, and the computers and related and equipment utilized in the Defendants operations.

5. At times material to this action, Sedgwick had a gross annual income in excess of five hundred thousand ($500,000.00) dollars per annum.

6. For the reasons set forth above, Sedgwick, was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

7. Venue is proper in the Southern District of Florida because it is the district in which the Plaintiff resides and the events giving rise to the claims occurred. In addition, it is a district in which Defendant reside within the meaning of 28 U.S.C. 1391( c ).

8. All conditions precedent to the bringing of the claims asserted herein have occurred.

9. Ms. McGennis has been employed by Sedgwick, first as a Litigation Consultant then a Claims Examiner, since March 14, 2016.  In her current Claims Examiner position, which she has held since November 25, 2019, her duties have been predominantly clerical in nature. With respect to the employment described above, Ms. McGennis, was an employee and Sedgwick, her employer as defined in 29 U.S.C. 203(e) and 29 U.S.C. 203 (d) respectively.

10. During the course of her employment, Ms. McGennis was consistently required to,

and did, work in excess of forty (40) hours per week. Typically, her workday was twelve (12) hours. Ms. McGennis worked the above hours with the knowledge of the Defendant.

11. The hours worked notwithstanding, during the course of her employment, Ms. McGennis was paid a weekly salary regardless of the number of hours worked.

12. At no time was Ms. McGennis paid time and one half for those hours worked in excess of forty (40) hours per week as required by 29 U.S.C. 207.

13. As a direct and proximate result of the conduct described above, Ms. McGennis has been damaged.

14. The conduct of the Defendant in refusing to comply with the requirements of the Fair Labor Standards Act was willful.

15. Ms. McGennis has been required to retain the undersigned counsel to represent her in this action and is obligated to pay a reasonable fee for serviced rendered.

**WHEREFORE,** Plaintiff requests this Court:

(A). Enter judgment against the Defendant for damages together with interest and statutory penalties.

(B). Award the Plaintiff her costs and attorney=s fees.

( C). Grant such further and additional relief as may be appropriate.

## COUNT II
(Equal Pay Act)

Plaintiff, Laurie McGennis, sues Defendant, Sedgwick Claims Management Services, Inc., and states:

1. This is an action for damages and equitable relief and is brought pursuant to the

Equal Pay Act, 29 U.S.C. 206(d)(1).

2. The Court has jurisdiction of this action because it arises under the laws of the United States (28 U.S.C.1331).

3. Plaintiff, Laurie McGennis, was and is a citizen and resident of the Southern District of Florida.

4. Defendant, Sedgwick is a foreign corporation and licensed to do business in Florida. That Defendant does business in the Southern District of Florida. More specifically, the Defendant offers insurance claims administration services and has employees, including the Plaintiff, who handled goods or materials, including the services offered by the Defendant that have moved in, or were produced for commerce. Those goods and materials included but were not limited to the services the Defendant provided, reports furnished to clients, and the computers and related and equipment utilized in the Defendant=s operations.

5. At times material to this action, Sedgwick had a gross annual income in excess of five hundred thousand ($500,000.00) dollars per annum.

6. For the reasons set forth above, Sedgwick, was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

7. Venue is proper in the Southern District of Florida because it is the district in which the Plaintiff resides and the events giving rise to the claims occurred. In addition, it is a district in which Defendant reside within the meaning of 28 U.S.C. 1391( c ).

8. All conditions precedent to the bringing of the claims asserted herein have occurred.

9. Ms. McGennis has been employed by Sedgwick as a Litigation Consultant or

Claims Examiner from approximately March 14, 2016.  During that time, including the time which she held the Litigation Consultant position, from March 14, 2016 to November 25, 2019, she received less in the way of pay than male employees for equal work on a job which required equal skill, effort, and responsibility, and which was performed under similar working conditions in violation of 29 U.S.C. 29 U.S.C. 206(d)(1).

As a direct and proximate result of the Defendant's violation of the law, Ms. McGennis has been damaged.

**WHEREFORE,** Plaintiff requests this Court:

(A). Enter judgment against the Defendant for damages together with interest and statutory penalties.

(B). Award the Plaintiff her costs and attorney's fees.

( C). Grant such further and additional relief as may be appropriate.

### COUNT III
(Title VII -  Discrimination Because of Sex)

Plaintiff, Laurie McGennis, sues Defendant, Sedgwick Claims Management Services, Inc., and states:

1. This is an action for damages and equitable relief and is brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq*.

2. The Court has jurisdiction of this action because it arises under the laws of the United States (28 U.S.C.1331).

3. Plaintiff, Laurie McGennis, was and is a citizen and resident of the Southern District of Florida.

4. Defendant, Sedgwick, is a person within the meaning of 42 U.S.C. 2000e(a)

and is engaged in an industry affecting commerce, specifically the provision of insurance claims administration services nationwide. At all times material has employed the requisite number of employees within the meaning of 42 U.S.C. 2000e(b).

5. At all times material, Ms. McGennis was an employee of the Defendant as the term employee is defined in 42 U.S.C. 2000e(f).

6. All conditions precedent to the bringing of this action, including filing with the E.E.O.C., and the latter's issuance of a determination letter have occurred.

7. During the course of her employment, Ms. McGennis received less than male employees in terms of compensation and the other terms and conditions and privileges of employment because of sex.  Further, the Defendant limited Ms. McGennis in ways which would deprive or tend to deprive her of employment opportunities and otherwise adversely affect her status as an employee, because of her sex. Among other things, the Defendant paid Ms. McGennis less than male employees having the same or substantially similar positions, showed preference to males in regard to retention on the account where Ms. McGennis worked from March 14, 2016 to November 25, 2019, in violation of its own internal policies and procedures, and in the process deprived the Plaintiff of other opportunities such as additional time off and participation in continuing education seminars and events enjoyed on that account.  She was also subjected to considerable stress and embarrassment regarding a forced transfer from the account where she had worked and showed good performance for nearly four years, from March 14, 2016 to November 25, 2019; no males on the account were treated in a similar fashion.

8. As a direct and proximate result of the Defendants violation of the law, Ms. McGennis has been damaged.

9. Defendant's conduct was intentional and deliberate and persisted despite

internal complaints and a complaint to the E.E.O.C.

**WHEREFORE,** Plaintiff requests this Court:

(A). Enter judgment against the Defendant for compensatory and punitive damages together with interest.

(B). Order Plaintiff to be reinstated in a position with comparable pay and benefits to the one she held prior to the Defendant's actions described above.

( C). Award the Plaintiff her costs and attorney's fees.

(D). Grant such further and additional relief as may be appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS**

*/s/Philip Michael Cullen, III*
**PHILIP MICHAEL CULLEN, III**
Attorney at Law B Chartered
Fla. Bar No: 167853
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
e-mail: CULLENIII@aol.com