UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60470-COHN/STRAUSS

LAURIE MCGENNIS,

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

    Defendant.
_____/

## **ORDER**[1]

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Production ("Motion") [DE 55]. I have reviewed the Motion, the Response [DE 60] and Reply [DE 61] thereto, and the parties' Joint Status Report [DE 63]. Pursuant to the Motion, Plaintiff requests that the Court compel Defendant to produce certain financial documents that Plaintiff asserts are relevant to her claim for punitive damages. Specifically, Plaintiff seeks the following documents from January 1, 2016 through the present: (1) Defendant's federal tax returns; (2) Defendant's profit and loss statements; and (3) "[a]pplications for financing including but not limited to material related to lines of credit submitted to any third party." Motion at 2.

"[W]here there is a claim for punitive damages, 'a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award.'" *Rafael Hurtado v. Balerno Int'l Ltd.*, No. 17-62200-CIV,

---

[1] This case has been referred to me, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for appropriate disposition of all pretrial discovery motions [DE 6].

2019 WL 917404, at *2 (S.D. Fla. Feb. 25, 2019) (citations omitted).  Indeed, in the parties' Joint Status Report, Defendant notes its agreement that Plaintiff is entitled to information to establish Defendant's net worth.  [DE 63] ¶ 5.  However, Defendant contends that Plaintiff's request for multiple categories of records covering an almost six-year period is overbroad, premature, and unduly burdensome, and Defendant also raises confidentiality concerns.  *Id.*  Relatedly, Defendant argues that the information sought is not necessary to establish its net worth at the time of trial.  *Id.*  Although, it appears that Defendant initially insisted that it would only provide net worth information if Plaintiff first proved entitlement to punitive damages, *see id.* ¶¶ 5-6, it appears that Defendant has now offered to provide such information at the beginning of 2022.  *Id.* ¶ 7.  Plaintiff indicates that Defendant's proposal was acceptable with one exception – Plaintiff does not want to wait until 2022 to receive the information.  *Id.*

      I find that Plaintiff is entitled to obtain some of the requested discovery, but I agree with Defendant that the three discovery requests at issue are overbroad and disproportionate to the needs of the case in their current form.  Importantly, as Defendant contends, "only current financial documents are relevant to a claim for punitive damages."  *Cervenec v. Borden Dairy Co. of Fla., LLC*, No. 14-62876-CIV, 2015 WL 13567434, at *5 (S.D. Fla. Oct. 16, 2015) (quoting *Lane v. Cap. Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005)).  Nonetheless, courts recognizing that premise have still permitted up to three years of financial discovery.  *See, e.g.*, *Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-CV-596-T-60SPF, 2020 WL 3895369, at *2 (M.D. Fla. July 10, 2020) (limiting production to slightly over 2 years); *Rafael Hurtado*, 2019 WL 917404, at *2 (limiting production to 3-year period); *Cervenec*, 2015 WL 13567434, at *5 (limiting production to slightly over 2.5 years); *Lane*, 242 F.R.D. at 670 (limiting production to approximately 2.5-year period).

Having considered the foregoing cases and other applicable case law, I will require Defendant to produce its 2019 and 2020 tax returns and its profit and loss statements covering January 1, 2019 through the present[2] (unless Defendant elects to satisfy one of Plaintiff's alternative proposals in paragraph 7 of the parties' Joint Status Report).  However, given that Defendant will be required to produce these documents, and having considered the other information relayed in the briefing on the Motion, I find that requiring Defendant to produce any documents in response to the third request for production at issue, which is overbroad in both time and scope, would be disproportionate to the needs of the case at this time.[3]  Therefore, Plaintiff's request to compel the production of documents responsive to that request will be denied without prejudice.  If Defendant's tax returns and profit and loss statements do not provide sufficient information regarding Defendant's net worth, Plaintiff may serve a narrower version of the third request.

For the foregoing reasons, and with the Court being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

1. The Motion [DE 55] is **GRANTED IN PART and DENIED IN PART**.

2. On or before **October 4, 2021**, Defendant shall produce its 2019 and 2020 tax returns, as well as its profit and loss statements covering January 1, 2019 through the present. Alternatively, Defendant may elect to satisfy Plaintiff's alternative proposal in paragraph 7.a or paragraph 7.b of the parties' Joint Status Report [DE 63] by **October 4, 2021**.

---

[2] Defendant has certainly not shown that such production would impose any undue burden.  Also, as to Defendant's confidentiality concerns, the Court finds good cause to designate the documents as confidential under the Case Management Order Regarding Confidentiality [DE 39].  The Court finds that designating the documents as confidential under that order will provide sufficient protection here.

[3] In making this finding, I have considered the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3. Plaintiff's request to compel the production of "[a]pplications for financing including but not limited to material related to lines of credit submitted to any third party" is denied without prejudice.

4. Nothing in this Order precludes the parties from reaching an agreement to resolve the issues addressed in the Motion as long as the parties do so prior to the October 4, 2021 deadline set forth above.

5. As the Motion is being granted in part and denied in part, neither party will be awarded any attorneys' fees or expenses.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 14th day of September 2021.

Jared M. Strauss
United States Magistrate Judge